# UNITED STATES DISTRICT COURT FOR T0HE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION

| | |
|---|---|
| Vincent Cannady ) | |
| Plaintiff ) | |
| ) | Case No.2:19-cv-04001-BCW |
| Vs. ) | |
| State of Missouri, et al ) | |
| Defendants ) | |

## PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTIVE RELIEF

NOW COMES, **Pro Se** Plaintiff Vincent Cannady Petitioning the COURT to Grant him a Motion for Injunctive Relief under **Rule 65 Injunctions, in order to stop the hearing scheduled for 12/18/2019(See Exhibit A, Page 1).** Vincent Cannady requests a Motion for Injunctive Relief because the Court in Bates County Missouri has not moved on any of the Plaintiff Vincent Cannady's motions (See Exhibit A-Docket) beyond granting a Continuance for Doctors evaluation and illness. Defendant Hugh C. Jenkins refuses Disclose or any form of Discovery and will not respond to Motions on Jurisdiction nor Motions to Dismiss. Judge Julie Highley refuses to grant even a Waiver of Preliminary Hearing for a Defendant who has Plead Not Guilty and submitted a Waiver of Preliminary Hearing Form in written format (form was Notarized) and has requested a waiver for medical reasons back up by medical documentation. The Plaintiff hired an Attorney at the requests of the Prosecutor and Judge only to have the Plaintiffs

1

Attorney plainly collude with Jenkins by refusing to do a review Jenkins evidence against Cannady furthermore Cannady's own former attorney threatened Cannady with an impending incarceration without Bail until Trial should Cannady not appear for Preliminary Hearing. In direct contradiction of Cannady's 4th, 5th, 6, and 14th Amendments to refuse Due Process, use that lack of Due Process to take Cannady's freedom away therefore taking his defense for the crime away by not providing any evidence that would be used for trial. This is a direct contradiction of the Bill of Rights.

Plaintiff Cannady would have not brought this action to the US District Court but for the lack of Action or direction or response by the Missouri Court of Appeals where Cannady filed numerous Writs of Mandamus( Exhibits B, B-1) that were dismissed for lack of Jurisdiction and the Plaintiff has an Appeal of a Motion to DENY Discovery that is over six months old without a ruling ( See Exhibit C), there are other reasons that showed the Court of Appeals to be conflicted or ran by Law Clerks looking to appease the leaders in Jeff City. Plaintiff Cannady has only the Supreme Court of Missouri but cannot file an Appeal of the Appeals Court without a ruling from the Appeals Court(Exhibit F). The Missouri Supreme Court would say it was a Federal Question that Cannady was requiring a remedy for. Cannady is requesting an Injunction to Stay All Proceeding and to Produce witnesses and evidence against Cannady, if none provided to this Court by 10 days then this Court to Order a Dismissal of All Charges Against Cannady. Furthermore, in the opposite (*sic) should the "alleged" evidence be provide the Cannady Prays this Court to Order a Transfer of that case to Veterans Court in*

*Kansas City Missouri as none exists in Bates County.* Due to this and past lawsuit Cannady could never get a fair trial in Missouri

State Court and Cannady had provided all of the reasons US Code states he must in order to gain injunctive relief from the harassment of a Clerk of the Court that will not update the docket with documents filed by Cannady. Cannady has had no due process when not one Motion has been answered by Defendants Bates County and Hugh Jenkins. The Bates County Court will not even move on its Jurisdiction. Motion to Compel has gone undocketed and unanswered. According to Rule 65

(d) CONTENTS AND SCOPE OF EVERY INJUNCTION AND (RESTRAINING ORDER).
   (1) *Contents.* Every order granting an injunction and every restraining order must:
     (A) state the reasons why it issued;
     (B) state its terms specifically; and
     (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.

Plaintiff Cannady is providing the US District Court with communications between the Docket from Bates County 18-CR00328, Cannady has provided proof that the Attorney General used this case to get the Plaintiff fired from his State of Missouri job (See exhibit C- Attorney General Listed as an Attorney in the Bates Case(Exhibit D). Cannady is also submitting the Appeals Court Docket (See Exhibit B, B-1- Appeals Court Docket) in order to prove to the Court that if no Injunction is ordered by the District Court then Bates County will issue a warrant on 12/19/2019 and Cannady will not be able to prosecute this lawsuit -this is the PreText for not Dismissing the case with no Witness and not granting Discovery. Cannady fears for his life hence not leaving his property after the hospital Nevada Regional Hospital gave Nevada Police Department a

discharge notice stating "Cannady wanted to die by Police gunfire" (document submitted in the complaint). If the Court does not grant the Injunction of a STAY of ALL Proceeding until the Federal Question are settled Cannady fears he will be jailed and therefore unable to prosecute this Case. The District Court has not ruled on Cannady's Amended Complaints, but this is the reason for the Court to Grant his Motion as the Plaintiff has proven collusion by Bates County, Jenkins, and Ewing with the State of Missouri and the Attorney General's Office due to the fact that the Attorney General Listed themselves as Attorneys in this case(Exhibit D).

.

*Pro Se* Litigant

Vincent Cannady

17472 S 2950 Rd, El Dorado Springs, Mo 64744

202-253-2300 Cell Fax 877-576-9621

vnc@rocketmail.com

*[signature: Vincent N Cannady]*